**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 06-154 (JR)** |
| | : | |
| **v.** | : | |
| | : | **MAG. NO.: 06-150-M (JMF)** |
| **ELVIS BERRIOS,** | : | |
| | : | |
| | : | **18 U.S.C. § 1029(a)(1)** |
| **Defendant.** | : | **(Fraud and Related Activity in Connection** |
| | : | **with Access Devices)** |
| | : | |

**UNITED STATES' MEMORANDUM**
**IN AID OF SENTENCING AND MOTION FOR**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing, recommending that the defendant be sentenced to 18 months of probation. In support thereof, the United States respectfully states the following:

Background

1. The defendant was an active member on several online carding forums, including www.scandinaviancarding.com. In August of 2005, contact was made with the defendant via ICQ Instant Messaging in an undercover capacity. Numerous discussions were held involving internet fraud and carding. An arrangement was then made and the defendant was mailed a spurious credit card to a drop address in the Washington, D.C. area.

On August 19, 2005, the defendant ordered a Mini Ipod through the internet utilizing stolen credit card information. This item was shipped and received at an undercover drop address in

western New York. This item was then confirmed as having been ordered with a compromised credit card account.

On August 19, 2005, an additional spurious credit card was sent to the defendant to another drop address that was later determined to be the defendant's home address. Over time, the defendant made numerous charges on this card, which totaled $2,000.00 in ATM withdrawals and purchases.

On August 24, 2005, the defendant ordered another IPod Mini and a Hamilton watch via the internet, using a compromised identity and credit card information. These items were received at the undercover drop address.

On September 3, 2005, the defendant ordered SlimFast bars via the internet using a compromised identity and credit card information. This item was received at the undercover drop address. This item was then re-shipped, at the defendant's request, to the 906 Crittendon Street, NW, Washington, DC. This is the defendant's home address.

On September 14, 2005, the defendant ordered a Canon Camera and HP Palm Pilot via the internet using compromised identity and credit card information. This information was shipped and received at the undercover drop address.

On September 15, 2005, the defendant ordered a Minolta Camera via the internet using a compromised identity and credit card information. This item was shipped and received at the undercover drop address.

On September 20, 2005, the defendant ordered a Palm Pilot and two Pocket PC's via the internet using a compromised identity and credit card information. These items were shipped and received at the undercover drop address.

On September 22, 2005, approximately $235.00 was sent via Western Union to the defendant

in an undercover capacity to Diego Garcia, Washington, D.C.

On January 8, 2005, the defendant ordered three LCD flat panel monitors via the internet using a compromised identity and credit card information. These items were shipped and received at an undercover drop address.

On January 11, 2005, the defendant ordered two sets of Blaupunkt DVD/CD/MP# players via the internet using a compromised identity and credit card information. These items were shipped and received at an undercover drop address.

2. As a result of this conduct, the defendant was charged with Fraud and Related Activity in Connection with Access Devices, in violation of Title 18, United States Code, Section 1029(a)(1). To his credit the defendant took responsibility for his conduct at an early stage in this case and pled guilty on September 6, 2006, without any plea agreement from the government.

3. The defendant may be sentenced up to 10 years of imprisonment under Title 18, United States Code, Section 1029(a)(1); 3 years of supervised release pursuant to Title 18, United States Code, Section 3583(b)(2); a fine up to $250,000 pursuant to Title 18, United States Code, Section 3571(b)(3). A special assessment of $100 is mandatory pursuant to Title 18, United States Code, Section 3013(a)(2)(A). The defendant is eligible for not less than one nor more than five years probation pursuant to Title 18, United States Code, Section 3561(c)(1).

Sentencing Recommendation

4. Based on the information set forth in the Presentence Investigation Report, the defendant's total offense level is 6, having pled guilty to one count of Fraud and Related Activity in Connection with Access Devices. U.S.S.G. §§ 2B1.1(a)(2), 2B1.1(b)(1) and 3E1.1. Based on a total offense level of 6 and his placement in criminal history Category One, the guideline range of

imprisonment is zero to six months of imprisonment. U.S.S.G. Chapter 5, Part A. The fine range under the Sentencing Guidelines for the instant offense is from $500 to $5,000. U.S.S.G. §5E1.2(c)(3). The government is recommending that the defendant be sentenced to 18 months of probation with the condition that he complete 100 hours of community service in lieu of a fine, that he obtain no new credit without approval of the probation office, and that he make full financial disclosure as directed by the probation office.

5.   The Government's recommendation, which falls at the low end of the defendant's applicable Sentencing Guidelines range, is reasonable. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment. The Court invalidated the statutory provision that made the Guidelines mandatory: Title 18, United States Code, Section 3553(b)(1). Booker, 124 S. Ct. at 764. The Court upheld the remainder of the Guidelines as the most appropriate benchmark for informing courts as to the most reasonable sentence for a particular defendant who has committed a particular crime. Indeed, it remains the case that if the sentencing court imposes a sentence that is outside the range as set forth in the Guidelines, the Court must state in a written order of judgment and commitment the specific reason for the imposition of a sentence different from that described in the Guidelines. See 18 U.S.C. § 3554(c)(2). The sentence will then be subject to review by courts of appeals for "reasonableness." Booker, 124 S. Ct. at 766.

6.   In Booker's wake, this Court must continue to resolve disputed questions of fact and law and correctly calculate a defendant's sentence under the existing Sentencing Guidelines. See Fed. R. Crim. P. 32(i)(3)(B) (court must rule on unresolved objections to the Presentence Report or determine that resolution not necessary to sentencing). "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Booker

124 S. Ct. at 767 (citing 18 U.S.C.A. §§ 3553(a)(4)&(5) (Supp. 2004)).  In light of this mandate – and the continued requirement of written explanations for sentences that fall outside of the range called for by the Guidelines and the new standard of "reasonableness" review – it is plain that a sentence within the Guidelines, while not required, is reasonable per se.  Not only is a sentence within the Guidelines range presumptively reasonable, but it also accommodates the salutary goal, endorsed by both Congress and the Supreme Court, of meting out fair and uniform sentences.  A sentence of 18 months probation, within the defendant's Sentencing Guidelines range, satisfies this goal.

7.     A sentence within the Sentencing Guideline range is not only presumptively reasonable for the reasons outlined above, but it is reasonable and appropriate for this defendant based on the facts of this case, when viewed in conjunction with the defendant's nonexistent criminal history and willingness to accept responsibility at an early stage in the case without any plea concessions from the government.  The recommended sentence of 18 months of probation is also supported by the factors to be considered by courts as articulated in 18 U.S.C. § 3553(a).  This provision provides, in pertinent part, that when fashioning a sentence, courts should consider (1) the circumstances surrounding the instant offense and the defendant's criminal history, (2) the seriousness of the offense and the need to promote respect for the law and punishment, (3) potential deterrence, (4) protecting the public, and (5) the rehabilitative needs of the defendant.  Id.

WHEREFORE, based upon the above discussion, and the information reflected in the presentence report, the United States respectfully recommends a period of 18 months of probation with the condition that he complete 100 hours of community service in lieu of a fine, that he obtain no new credit without approval of the probation office, and that he make full financial disclosure as directed by the probation office.

Respectfully,

JEFFREY A. TAYLOR
United States Attorney

By: ___________/s/______________________
PERHAM GORJI
ASSISTANT UNITED STATES ATTORNEY
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4233
Washington, D.C. 20530
Phone: (202) 353-8822
Fax: (202) 616-3782

CERTIFICATE OF SERVICE

I hereby certify that a copy of the United States' Memorandum in Aid of Sentencing was served by first class mail upon counsel of record for the defendant, Kenneth M. Robinson, Robinson Law Firm, 717 D Street, N.W., Washington, D.C., this 27th day of December, 2006.

____________/s/_______________________

PERHAM GORJI, AUSA